IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| PABLO GAY | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 5:20-cv-00154 |
| | § | |
| QUICKEN LOANS INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## DEFENDANT QUICKEN LOANS INC.'S
## NOTICE OF REMOVAL

Notice is hereby given that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Quicken Loans Inc. ("***Quicken Loans***") hereby removes this action from the 166th Judicial District Court of Bexar County, Texas, to the United States District Court of the Western District of Texas, San Antonio Division, and as grounds for removal states as follows:

### I. STATE COURT ACTION

1. On January 29, 2020, Plaintiff Pablo Gay ("***Plaintiff***") filed his *Plaintiff's Original Petition and Stay of Order to Proceed With Expedited Foreclosure Under Tex. Rule Civil Procedure 736 In Cause No. 2018CI12464 and 2019CI13189* (the "***Petition***") in the 166th Judicial District Court of Bexar County, Texas, styled *Pablo Gay v. Quicken Loans, Inc.*, Cause No. 2020I0054 (the "***State Court Action***").

2. Plaintiff asserts claims related to real property located at 24427 Brazos Stage, San Antonio, Texas 78255 (the "Property"). *See* Petition, pg.2. Specifically, Plaintiff alleges, *inter alia*, that it is entitled to avoid foreclosure of a loan on the Property. Plaintiff seeks injunctive relief and a declaratory judgment "declaring the Loan and Security Instrument void..." *Id*. at 4.

3. With this Notice of Removal, Quicken Loans removes the State Court Action to this Court on the basis of diversity jurisdiction, as more fully described below.

## II. PROCEDURAL REQUIREMENTS

4. This action is properly removed to this Court because the State Court Action is pending within this district and division. 28 U.S.C. §§124(d), 1441, 1146(a).

5. This removal is timely because it is being filed "within 30 days after the receipt by the defendant, though service or otherwise, a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. §1446(b).

6. Pursuant to 28 U.S.C. §1446(a), attached as **Exhibit A** is a true and correct copy of the entire file from the State Court Action at the time of this removal.

7. Pursuant to 28 U.S.C. §1446(d), Quicken Loans is simultaneously with the filing of this Notice of Removal (1) serving Plaintiff with a copy of this Notice of Removal, and (2) filing a copy of the Notice of Removal in the 166th Judicial District Court of Bexar County, Texas. A copy of the Notice of Removal filed in the State Court Action is attached hereto as **Exhibit B**.[1]

## III. DIVERSITY JURISDICTION

8. The Court has diversity jurisdiction in the matter. Where there is complete diversity among parties and the amount in controversy exceeds $75,000 an action may be removed to federal court. 28 U.S.C. §§ 1332(a), 1441(a). Complete diversity exists in this case because Plaintiff is not a citizen of the same state as Quicken Loans. *See Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). As shown below, the amount in controversy requirement is also satisfied.

---

[1] Quicken Loans has not included Exhibit 1 to the state court removal notice because Exhibit 1 is a copy of this Notice of Removal.

### A. Diversity of Citizenship

9. According to the Petition, Plaintiff is a citizen of Texas for purposes of diversity jurisdiction. *See* Petition, pg. 2.

10. Quicken Loans is a corporation organized under the laws of the state of Michigan, whose main office, according to its corporate filings with the Michigan Secretary of State is in Ann Arbor, Michigan. Pursuant to 28 U.S.C. §1348, for diversity purposes, Quicken Loans is a citizen of Michigan. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 126 S. Ct. 941, 163 L. Ed2d 797 (2006).

11. Because Plaintiff is a citizen of Texas and Quicken Loans is not a citizen of Texas, there is complete diversity among parties. *See* 28 U.S.C. § 1332(c)(1).

### B. Amount in Controversy

12. The amount-in-controversy element is also satisfied. Where a defendant can show, by a preponderance of the evidence, that the amount in controversy is greater than the jurisdictional amount, removal is proper. *See White v. FCI U.S.A., Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *see also St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 n.13 (5th Cir. 1998) ("The test is whether it is more likely than not that the amount of the claim will exceed [the jurisdictional minimum]."). The defendant can meet its burden if it is apparent from the face of the petition that the claims are likely to exceed $75,000 or, alternatively, if the defendant introduces other evidence to show that the amount in controversy more likely than not exceeds $75,000. *E.g., Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *Greenberg*, 134 F.3d at 1253. "The amount in controversy is determined from the perspective of the plaintiff, and the proper measure is the benefit to the plaintiff, not the cost to the defendant." *Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *2 (S.D. Tex. Aug. 27, 2009). To determine the amount

in controversy, a court may consider actual damages, exemplary damages, and attorney fees. *White*, 319 F.3d at 675–76.

13. In this case, Plaintiff seeks injunctive relief preventing Quicken Loans from foreclosing on the Property. *See* Petition, pg. 4. The amount in controversy in an action for injunctive relief or declaratory relief can be characterized as "the value of the right to be protected or the extent of the injury to be prevented." *See Greenberg*, 134 F. 3d at 1252-53. When the right to the property is at issue, courts look to the value of the property to determine whether the minimum amount in controversy has been met for jurisdictional purposes. *Nationstat Mortgage LLC v. Knox*, 351 Fed. App'x 844, 848 (5th Cir. 2009); *see Berry v. Chase Home Fin., LLC*, No. C-09-116, 2009 WL 2868224, at *3 (S.D. Tex. Aug. 27, 2009) (finding under similar claims that, because "[a]bsent judicial relief, Plaintiff could be divested of all right, title, and interest to the Property . . . , the value of the declaratory and injunctive relief to Plaintiff is . . . the current appraised fair market value of the Property"). Further, the Fifth Circuit has held that where a plaintiff seeks injunctive and declaratory relief relating to the ability to enforce a deed of trust, the "value of that property represents the amount in controversy" for purposes of diversity jurisdiction. *See Farkas v. GMAC Mortgage, L.L.C.*, 737 F.3d 338, 342-43 (5th Cir. 2013).

14. Because Plaintiff is seeking injunctive relief and the right to property is at issue, the amount in controversy is determined by the value of the Property. *See Knox*, 351 Fed. App'x at 848; *Turner v. JP Morgan Chase Bank, N.A.*, No. 3:12-CV-2701-M (BF), 2013 WL 2896883, at *3 (N.D. Tex. June 13, 2013) (using current market value of property from the Dallas Central Appraisal District in finding amount in controversy satisfied where plaintiff sought to prevent foreclosure) (citing *Copeland*, 485 Fed. App'x at 9 ("[T]he amount in controversy exceeds $75,000 due to the value of the subject property . . . .")). According to the Bexar Appraisal District, the

current value of the Property is $313,570.00.[2] Thus, the value of the Property satisfies the amount in controversy requirement. A true and correct copy of the 2019 tax statement is attached hereto as **Exhibit C** and incorporated herein by reference.

15.  Because there is a complete diversity between the parties and the amount in controversy requirement is satisfied, this Court has jurisdiction pursuant to 28 U.S.C. §1332 and removal is proper.

## IV. PRAYER FOR RELIEF

WHEREFORE, Defendant Quicken Loans Inc. removes this action from the 166th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By: */s/ Jacob Sparks*
Jacob Sparks
Texas Bar No. 24066126

**SPENCER FANE LLP**
5700 Granite Parkway, Suite 650
Plano, Texas 75024
Tel:   (214) 750-3624
Fax:   (214) 750-3612
Email: JSparks@SpencerFane.com

*Attorney for Quicken Loans Inc.*

---

[2] Quicken Loans does not contend that this particular appraisal constitutes the most accurate valuation of the Property. Such appraisal is provided only for the purpose of establishing a base line value to prove that the amount in controversy requirement is satisfied.

## CERTIFICATE OF SERVICE

I hereby certify that on February 7, 2020, I served this Notice of Removal on the following party in compliance with the Federal Rules of Civil Procedure:

Robert Clarence Newark, III
Newark Law Offices
1341 W. Mockingbird Lane, Ste. 600W
Dallas, TX 75246
Tel: 866-230-7236
Fax: 888-316-3398
Email: office@newarkfirm.com

By: */s/ Jacob Sparks*
Jacob Sparks