# EXHIBIT A



# Case #2020CI02054

**Name**: PABLO GAY

**Date Filed** : 1/29/2020

**Case Status** : PENDING

**Litigant Type** : PLAINTIFF

**Court** : 166

**Docket Type** : OTHER REAL PROPERTY

**Business Name** : 2020CI02054

**Style** : PABLO GAY

**Style (2)** : vs QUICKEN LOANS

# Case History

*Currently viewing all records*

| Sequence | Date Filed | Description |
| --- | --- | --- |
| P00001 | 1/29/2020 | PETITION |

FILED
1/29/2020 8:45 PM
Mary Angie Garcia
Bexar County District Clerk
Accepted By: Maria Jackson

Cause No: **2020CI02054**

| | |
|---|---|
| PABLO GAY, ) | IN THE DISTRICT COURT |
| ) | |
| Plaintiff, ) | |
| v. ) | **166th** _____ JUDICIAL DISTRICT |
| ) | |
| QUICKEN LOANS, INC. ) | |
| ) | |
| Defendant. ) | OF BEXAR COUNTY, TEXAS |

### PLAINTIFF'S ORIGINAL PETITION AND STAY OF ORDER TO PROCEED WITH EXPEDITED FORECLOSURE UNDER TEX. RULE CIVIL PROCEDURE 736 IN CAUSE NO. 2018CI12464 AND 2019CI13189

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW Pablo Gay, hereinafter called Plaintiff, by and through his attorney, Robert C. Newark, III, and files this Original Petition and in support thereof would show unto the Court the following:

### NOTICE UNDER TEX R. CIV P. 736.11

1. This lawsuit and Petition is filed pursuant to Tex. R. Civ. P. 736.11 Automatic Stay and Dismissal if Independent Suit is filed. Defendant filed and obtain an Order to Sale in Bexar County District Court Case No. 2018CI12464 and 2019CI13189. Such proceeding was conducted under the Expedited Foreclosure Rules, Tex. R. Civ. P. 736, *et seq*. Tex R. Civ. P 736.11 states that an Order of Sale is automatically stayed by the filing of this action which is a separate, original proceeding in a court of competent jurisdiction that puts in issue any matter related to the origination, servicing, and enforcement of the loan agreement, contract, and lie sought to be foreclosed. This lawsuit was filed prior to 5:00 pm on the Monday, February 3, 2020, before the scheduled foreclosure sale, which is February 4, 2020. Tex. R. Civ. P. 736.11.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the Defendant because the actions complained of herein all occurred in Bexar County, Texas. Furthermore, the real property which is subject of this lawsuit is located in Bexar County, Texas. Venue is also proper in Bexar County, Texas.

## PARTIES

3. Plaintiff, Pablo Gay, is an individual that resides in Bexar County, Texas.

4. Defendant is Quicken Loans, Inc.(hereinafter referred to as "Lender") can be served with process through its registered agent for service, CT Corporation System at 1999 Bryan St., Ste 900, Dallas, TX 75201.

## FACTUAL BACKGROUND

5. Plaintiff is the owner of property located at 24427 Brazos Stage, San Antonio, TX 78255. (hereinafter referred to as the "Property").

6. On or about September 2, 2011, Plaintiff obtained from Quicken Loans, Inc., a home equity extension of credit, evidenced by a promissory note executed by Plaintiff payable to Quicken Loans, Inc in the principal amount of $200,000.00.

7. The Loan was secured by a VOID document entitled Texas Home Equity Security Instrument (First Lien) and filed on September 9, 2011 (hereinafter referred to as "Security Instrument"), purporting to establish a lien against the Property. Such Security Instrument is attached Exhibit A to this Petition.

8. Plaintiff was not provided the notice, prescribed by Tex. Const. art . XVI, Sec. 50(g), at least twelve (12) days before the Loan closing took place on August 21, 2011, and did not have the benefit of legal counsel.

2

9. The Loan is an extension of credit as defined by Tex. Const., art. XVI, sec. 50(a)(6).

10. A home equity loan may only be closed at the office of the lender, an attorney at law, or a title company. Tex. Const. art. XVI, sec. 50(a)(6)(N).

11. A home equity loan may not be closed before the twelve (12th) day after the later of the date that the owner of the homestead submits a loan application to the lender for the extension of credit or the date that the lender provides the owner a copy of the notice prescribed by Subsection (g). Tex. Const. art. XVI, Sec. 50(a)(6)(M).

12. According to Tex. Const. art. XVI, Sec. 50(g), an extension of credit described by Subsection 50(a)(6) may be secured by a valid lien against homestead property if the extension of credit is not closed before the twelfth (12th) day after the lender provides the owner with the prescribed written notice on a separate instrument. The lender never provided the required notice.

13. Plaintiff would have not closed on the loan if she knew she was not provided the required notice.

14. Lender has reported Plaintiff's payment history to credit reporting agencies when that Plaintiff was not personally liable for any payments on its nonrecourse loan under Tex. Const., art. XVI, Sec. 50(a)(6) and that the extension of credit under the terms and conditions of the Loan and Security Instrument were unlawful and void.

## COUNT I: DECLARATORY JUDGMENT

15. Plaintiff hereby incorporates all of the paragraphs above, as if each was fully set forth herein.

16. Plaintiff brings this claim for a declaratory judgment under Section 37.001, et seq., of the Texas Civil Practices and Remedies Code.

17. There exists an actual and substantial controversy between the parties herein that would be terminated by the granting of the declaratory judgment.

18. As previously stated, Plaintiff was not afforded the notice, prescribed by Tex. Const., art. XVI, Sec. 50(g), at least twelve (12) days before the Loan closing took place on July 21, 2004. The lack of notice precludes Plaintiff from being inquiry notice as to his Loan and accompanying Security Instrument.

19. The purported Loan and Security Instrument was closed in violation of the Texas Constitution. As such, traditional enforcement remedies such as foreclosure are not available to Defendant. Accordingly, Plaintiff seeks a judgment declaring Defendant's right to foreclosure on the Loan constitutionally unenforceable in perpetuity.

20. Therefore, Plaintiff seeks a declaratory judgment declaring the Loan and Security Instrument void ab initio; that any purported lien evidenced by the Security Instrument is void; and that such purported lien does not constitute a lien or encumbrance against the Property.

## COUNT II: DEFAMATION

21. Plaintiff hereby incorporates all of the paragraphs above, as if each was fully set forth herein.

22. Defendant published statements by written communication asserting as fact that Plaintiff was past due on his Loan payments.

23. Plaintiff did not owe the loan payments.

24. Defendant's statements involved a private issue.

25. Defendant's statement referred to Plaintiff by name.

26. Defendant's written statement was libel per se as defined by Texas Civil Practice & Remedies Code section 73.001, because it injured Plaintiff's reputation and exposed Plaintiff to financial injury.

27. Defendant's statement was false because Plaintiff's loan with Defendant fails to comply with the Texas Constitution, and is void.

28. Defendant's statement was false because Plaintiff's home equity loan is a nonrecourse loan for which Plaintiff was not personally liable.

29. Defendant's statement was published with malice or willful intent to injure Plaintiff.

30. Defendant is strictly liable to Plaintiff for the defamation.

31. Defendant's false statement was defamation per se, which entitles Plaintiff to a presumption of general damages.

32. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

### COUNT III: FRAUDULENT CONCEALMENT

33. Plaintiff hereby incorporates all of the paragraphs above, as if each were fully set forth herein,

34. Defendant had actual knowledge that the Loan failed to comply with and was in violation of Tex. Const., art. XVI, Sec. 50, to which it was specifically required to adhere or suffer subsequent penalty of cancellation. Specifically, when Defendant closed on the Loan it knew that at least twelve (12) days before the closing the Loan, Plaintiff was required to be

provided a notice letter that complied with Tex. Const. Art. XVI, Sec. 50(g). Defendant knew that the Loan was unlawfully closed without providing the Plaintiff the Subsection (g) notice twelve (12) days before the Loan closed. Defendant failed to inform the Plaintiff that lack of notice constituted violations of the Plaintiff's constitutional rights. By its actions and conduct the Defendant advised the Plaintiff that the Loan was lawfully closed, without the benefit of the twelve (12) day notice.

35.   Defendant concealed the failure to comply by making legal misrepresentations and by remaining silent when the Defendant had a duty to speak. Before Plaintiff closed the Loan, the Defendant failed to tell the Plaintiff that the Loan could not be lawfully closed unless the Plaintiff received the notice which complied with Tex. Const., art. XVI, Sec. 50, twelve (12) days before the Loan closing. Defendant, as the lender, had a duty to tell Plaintiff that the loan did not comply with Tex. Const. art XVI, Sec. 50. Twelve (12) days before the Plaintiffs closed on his Loan, Defendant should have informed Plaintiff that it was required to provide a notice that complied with Tex. Const., Art. XVI, Sec. 50(g).

36.   Defendant had a fixed purposed to conceal the failure to comply with the Texas Constitution. Defendant's purpose in concealing their wrongful conduct and actions was to induce Plaintiff to close on a home equity loan, even though Defendant had not complied with Tex. Const., art XVI, Sec. 50. By omitting the fact that Plaintiff's home equity loan did not comply with Texas Constitution, Defendant mislead Plaintiff into believing that their Loan complied with Texas law. Defendant knew that the Loan was unlawfully closed without providing the notice required under Tex. Const. Art. XVI, Sec 50(g) twelve (12) days before the Loan closing. By its actions, subterfuge and conduct, Defendant advised the Plaintiff that the Loan was lawfully closed without the benefit of the twelve (12) day notice, with the intent to

induce Plaintiff into executing a home equity mortgage without the requisite knowledge of his constitutional rights. Defendants knew their conduct was illegal and misleading to the Plaintiff.

## COUNT IV: FRAUD BY NON DISCLOSURE

37. Plaintiff hereby incorporates all of the paragraphs above, as if each were fully set forth herin.

38. Defendant concealed and failed to disclose material facts related to the Loan closing services Defendant provided to Plaintiff in regard to his home equity loan with Defendant. By its conduct and actions Defendant advised the Plaintiff that the Loan was lawfully closed without the benefit of the twelve (12) day notice. Defendant subsequently failed to disclose to Plaintiff that the home equity loan could not close before the twelfth (12th) day after the notice prescribed by the Tex. Const. art. XVI, Sec. 50(g) had been provided to the Plaintiff.

39. Defendant had a legal duty to disclose the information to Plaintiff because Defendant partially disclosed the information to Plaintiff, which created a substantially false impression. Defendant provided Plaintiff with closing documents that stated that the Loan was to be closed not less than twelve (12) days after Plaintiff obtained from the lender a copy of the notice prescribed by Tex. Const. art. XVI, Sec. 50(g), including by not limited to he Texas Home Equity Affidavit and Agreement.

40. The information was material because of the failure to comply with the Texas Constitution's home equity lending provisions results in an invalid lien on Plaintiff's homestead.

41. Defendant knew Plaintiff was ignorant of the information and did not have an equal opportunity to discover the truth. Defendant knew that the Loan closing was closing without the proper notices and Plaintiff was acting under its advice.

42. Defendant deliberately remained silent and did not disclose the information to Plaintiff. Defendant failed to inform Plaintiff that the Loan could not close without the proper notices.

43. By deliberately remaining silent and taking action to close the Loan, Defendant intended for Plaintiff to act without the information provided by the twelve (12) day notice letter. According Defendant intentionally violated the Texas Constitution. Defendant did not tell Plaintiff about the Loan's deficiencies in order to induce Plaintiff into signing home equity loan documents that failed to comply with Tex. Const., art XVI, Sec. 50.

44. Plaintiff justifiably relied on Defendant's deliberate silence, subterfuge, and conduct. Plaintiff, who was ignorant to the laws in Texas regarding home equity loans, relied on Defendant's guidance and advice when he closed on his home equity Loan. Defendant did not inform Plaintiff that the Loan could not close without the proper notice and thus that Texas law was violated and that Defendant had breached the contract that it entered into with the Plaintiff. Accordingly, Plaintiff reasonably believed that their home equity Loan complied with the law.

45. By deliberately remaining silent and by its conduct, Defendant proximately caused injury to Plaintiff, which resulted in the following damages: lost principal and interest payments, and the benefit of the bargain from his contract rights.

46. Plaintiff seeks unliquidated damages within the jurisdictional limits of this court.

### COUNT V: NEGLIGENT MISREPRESENTATION

47. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth here

48. Defendant made representations related to the Loan closing services Defendant provided to Plaintiff in regards to his home equity Loan with Defendant. Defendant had an

interest in Plaintiff closing his home equity loan with Defendant. By its conduct and its actions the Defendant represented to the Plaintiff that the Loan was lawfully closed without the benefit of the twelve (12) day notice. Defendant subsequently failed to disclosed to the Plaintiff that the loan could not be closed before the twelfth (12th) day after the notice prescribed by Tex. Const., art XVI, Sec. 50(g) had been provided to the Plaintiff.

49. Defendant failed to disclose the impropriety of the lack of twelve (12) day notice as prescribed by Tex. Const. act XVI, Sec. 50(g). Defendant had a legal duty to disclose the information to Plaintiff.

50. Therefore, Defendant supplied false information for the guidance of others.

51. Defendant also had an extracontractual special relationship with Plaintiff. By virtue of its superior financial positions and immediate access to legal counsel, Defendant has an unequally great amount of bargaining power relative to Plaintiff. Defendant possessed this power throughout the time period that the Loan negotiations took place. Defendant took advantage of this inequity in bargaining power when its represented to Plaintiff that the Loan was closed in a legally appropriate manner. Given their special relationship, Plaintiff was entitled to rely on Defendant and its actions.

52. Plaintiffs justifiably relied on Defendant's deliberate silence, subterfuge, and conduct. Plaintiff, who were ignorant of the laws in Texas regarding home equity loans, relied on Defendant's guidance and advice when they closed their home equity Loan. Defendant did not inform Plaintiff that the Loan could not be closed without the proper notices, and thus that Texas law was being violated. Again, this is a duty constitutionally allocated to Defendant. No where in its text does Tex. Const., art. XVI, §50 implicate a duty for Plaintiff to research the

constitutionality of his home mortgage Loan. Accordingly, Plaintiff reasonably believed that his home equity Loan complied with the law.

53. Defendant had a duty of inquiry regarding the provisions of Tex. Const., Art. XVI, §50. Defendant did not exercise reasonable care or competence in communicating to Plaintiff his constitutional rights; a duty charged to Defendant by the Tex. Const., art. XVI, §50. Additionally, Tex. Const., art. XVI, §50 charges Defendant with a duty of disclosure to Plaintiffs. By deliberately remaining silent and taking action to close the Loan the Defendant intended for Plaintiff to act without the information provided by the twelve (12) day notice letter. Accordingly, Defendant intentionally violated the Texas Constitution. Defendant did not tell Plaintiff about the Loan's deficiencies in order to induce Plaintiff into signing home equity loan documents that failed to comply with Tex. Const., art. XVI, §50.

54. The information was material because the Defendant's failure to comply with the Texas Constitution's home equity lending provisions results in a void lien on Plaintiff's homestead, and the real property is not foreclosure eligible.

55. Defendant knew Plaintiff was ignorant of the information and did not have an equal opportunity to discover the truth. Defendant knew that the Loan closing was taking place without the proper notice and that Plaintiff was acting under their advice. Despite such knowledge, Defendant allowed the Loan to close at Plaintiff's home without the proper notices.

56. Defendant deliberately remained silent and did not disclose the information to Plaintiff. Defendant failed to inform Plaintiff that the Loan could not close without the proper notices. Defendant showed a complete lack of reasonable care and competence obtaining or communicating the information required by the Texas Constitution.

57.  By deliberately remaining silent, misrepresenting the propriety and legality of the Loan's closing, and taking action to close the Loan without the proper notice, the Defendant intended for Plaintiff to act without the information provided by the twelve (12) day notice letter. Accordingly, Defendant intentionally violated the Texas Constitution. Defendant did not tell Plaintiff about the Loan's deficiencies in order to induce Plaintiff into signing home equity loan documents that failed to comply with Tex. Const., art. XVI, §50. The Defendant's, via deliberate silence and conduct, negligently misrepresented the constitutional validity of Plaintiff's Loan, proximately causing the Plaintiff's injury resulting in the following damages: lost principal and interest payments.

58.  Plaintiffs seek unliquidated damages within the jurisdictional limits of this court.

## COUNT VI:  BREACH OF CONTRACT

59.  All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth here

60.  Plaintiff and Defendant executed a valid and enforceable written contract. The contract provided the defendant would comply with the terms and conditions the Tex. Const. art XVI, Sec. 50 as it relates to the extension of credit to Plaintiff.

61.  Plaintiff was excused from performance of Plaintiff's contractual obligations.

62.  Defendant breached the contract by failing to provide the Plaintiff the required 12 day Notice Letter prior to closing the extension of credit.

63.  Defendant breached the contact by reporting false credit information related to the Plaintiff's extension of credit.

64.  Defendant's breach caused injury to Plaintiff, which resulted in the following damages



a. Attempted foreclosure of the Plaintiff's property;

b. Payment of principal and interest,

c. Reporting of false credit information,

d. Inability to obtain credit,

e. Loss of market value – land,

f. Loss of market value – improvements.

g. Loss of Expectancy – loss of credit reputation,

h. Loss of Expectancy – loss of financing,

i. Loss of Benefit of the bargain.

## EXEMPLARY DAMAGES

65. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth here

66. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of Plaintiff. In order to punish Defendant for such fraud and unconscionable overreaching, and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from the Defendant for exemplary damages as provided by Section 41.003(a) of the Texas Civil Practice and Remedies Code.

## ATTORNEY'S FEES

67. Plaintiffs are entitled to recover reasonable and necessary attorney fees pursuant to Tex. Civ. Prac. & Rem. Code Sec. 37.009 and pursuant to Tex. Civ. Prac. & Rem. Code Chapter 38 in this action for the breach of contract as authorized in Sec. 38.001(8).

## DISCOVERY – DISCLOSURES - TRCP 194.2

68. Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Plaintiffs request that Defendant disclose the information and material described in Rule 194.2 within 50 days of service.

## NOTICE – TRCP 193.7

69. Plaintiffs hereby put Defendant on notice that Plaintiffs intend to use Defendant's discovery responses as evidence at trial in accordance with such rights and privileges established by Texas Rules of Civil Procedure 193.7.

## RULE 47 DECLARATIONS

70. By reason of all the above and foregoing it has become necessary to bring this suit for which it is now brought in a just and reasonable sum greatly in excess of the jurisdictional limits of this Honorable Court, together with all interest, pre and post judgment to which Plaintiff is entitled by law. As required by Rule 47(b), Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c), Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks monetary relief over $200,000 but not more than $1,000,000. Plaintiff also seeks injunctive relief.

## CONDITIONS PRECEDENT

71. All conditions precedent to the Plaintiff's right to bring theses causes of action have been performed, have occurred, or have been waived.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully requests that:

a. The Defendant be cited to appear and answer herein;

b. That on final trial thereof, Plaintiff be awarded declaratory judgment as requested herein decreeing that the purported lien evidenced by the Security Instrument and the Loan are void ad inito;

c. That Plaintiff have and recover a judgment from and against Defendant for the forfeiture of all principal and interest on the Loan including, but not limited to a judgment from and against Defendant for payment of all principal and interest paid by Plaintiff to Defendant through the date of final judgment, together with prejudgment and postjudgment interest as allowed by law;

d. That Plaintiff be awarded judgment for damages caused by Defendant's defamation, fraud by non disclosure, and common law fraud;

e. That Defendant is found to have fraudulently concealed the wrongs;

f. That Plaintiff be awarded exemplary damages, costs and reasonable and necessary attorney's fees; and

g. For such other and further relief that Plaintiff may be awarded at law and in equity.

        RESPECTFULLY SUBMITTED,

        A Newark Firm
        1341 W. Mockingbird Lane, Ste 600W
        Dallas, Texas  75247
        Telephone:   (866)230-7236
        Facsimile:    (888)316-3398
        Email:        rcnewark@icloud.com

By:   /s/Robert C. Newark, III
       Robert C. Newark, III
       Texas Bar No. 24040097
       Oklahoma Bar No. 21992
       ATTORNEY FOR PLAINTIFF

CERTIFIED COPY CERTIFICATE STATE OF TEXAS
I, MARY ANGIE GARCIA, BEXAR COUNTY DISTRICT
CLERK, DO HEREBY CERTIFY THAT THE FOREGOING
IS A TRUE AND CORRECT COPY OF THE ORIGINAL
RECORD NOW IN MY LAWFUL CUSTODY. WITNESS
MY OFFICIAL HAND AND SEAL OF OFFICE ON THIS:

*February 06, 2020*

MARY ANGIE GARCIA
BEXAR COUNTY, TEXAS

By: _____

DANIEL GARCIA, Deputy District Clerk
*(NOT VALID WITHOUT THE CLERK'S ORIGINAL SIGNATURE.)*

